Jonathan R. Marshall (*Pro Hac Vice Anticipated*)
jmarshall@baileyglasser.com
**BAILEY GLASSER, LLP**
209 Capitol Street
Charleston, WV 25301
Telephone: (304) 345-6555
Facsimile: (304) 342-1110

David D. Bibiyan (SBN 287811)
david@tomorrowlaw.com
**BIBIYAN LAW GROUP, P.C.**
8484 Wilshire Blvd, Ste 500,
Beverly Hills, CA 90211-3243
Telephone: (310) 438-5555
Facsimile: (310) 300-1705

**Attorneys for Plaintiff MICHAEL KLARE on behalf of himself and all others similarly situated**

Electronically FILED by
Superior Court of California,
County of Los Angeles
6/20/2023 2:11 PM
David W. Slayton,
Executive Officer/Clerk of Court,
By D. Jackson Aubry, Deputy Clerk

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES – COMPLEX**

| | |
|---|---|
| MICHAEL KLARE on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, LLC, and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No. 23STCV14272 <br><br> **CLASS ACTION COMPLAINT** <br><br> 1. Breach of Contract; <br> 2. Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 et seq.; <br> 3. Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §§ 1788 et seq. <br><br> **DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1.      Plaintiff MICHAEL KLARE ("MR. KLARE" or "PLAINTIFF"), on behalf of himself and all others similarly situated, alleges causes of action for breach of contract, violations of the Rosenthal Fair Debt Collection Practices Act, and violations of the Unfair Competition Law against Defendant WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, LLC ("WESTLAKE"). In support of these claims, Plaintiff states as follows.

1

**PARTIES**

2.     Plaintiff MICHAEL KLARE ("MR. KLARE" or "PLAINTIFF") is an individual and resident of the County of Riverside in the State of California, who has a loan serviced by Defendant.

3.     At all times herein mentioned, Defendant WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, LLC ("WESTLKE") is a California LLC with a principal place of business located at 4751 Wilshire Blvd., Suite 100, Los Angeles, County of Los Angeles, State of California.

4.     At all times mentioned herein, Defendants DOES 1 through 10 were and are individuals and business entities involved with the subject loan.

5.     The true names, capacities, and involvement, whether individual, corporate, governmental or associate of the defendants named herein as DOE Defendants are unknown to Plaintiff who therefore sue said defendants by such fictitious names.  Plaintiffs pray leave to amend this complaint to show their true names and capacities when the same have been finally determined.

6.     At all times herein mentioned, each and every of the Defendants was the agent, servant, partner, joint venturer, employee and/or franchisee of each of the other defendants, and each was at all times acting within the course and scope of such agency, service, employment, joint venture, partnership and/or franchise.

7.     Collectively, Defendant WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, LLC and DOES 1 through 10, inclusive, shall hereinafter be referred to as "Defendants."

**JURISDICTION AND VENUE**

8.     This Court has jurisdiction over this matter because Defendant, directly and through its agents, servants, employees, and subsidiaries, and at times herein mentioned, resided in, is incorporated in, or did substantial business in the State of California, having sufficient minimum contacts and having purposefully availed itself

of the privileges of conducting business in the State of California, so as to render the exercise of jurisdiction over defendant by California courts consistent with traditional notions of fair play and substantial justice. The amount in controversy exceeds the jurisdictional limit of this court.

9. Defendant WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, LLC is a California LLC with its principal place of business located in Los Angeles, California.

10. Venue is proper in this County because substantially all of the events, acts, omissions, and/or transactions complained of herein occurred in, originated from, or were directed toward the County of Los Angeles, State of California.

## **NATURE OF THE ACTION**

11. Defendant WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, LLC is a servicer of auto loans that routinely violates state debt-collection law and breaches the uniform terms of borrowers' loan agreements by charging and collecting illegal processing fees when borrowers pay their monthly loan payments, ("Pay-to-Pay Fees"). Defendant charges borrowers fees of $5.00 for payment processing.

12. The vast majority of the auto loans serviced or subserviced by Defendant contain uniform language specifying the range of permissible fees.

13. Specifically, the loan documents prohibit the assessment of fees that are not expressly authorized by law or contract.

14. Defendant services auto loans throughout the United States and is supposed to be compensated out of the interest paid on each borrower's monthly payment—not via additional "service" fees that do not reflect the cost to Defendant of providing such services. Under California law, Defendant cannot mark up the amounts it pays third parties to provide borrowers' services and impose unauthorized charges to create a profit center for itself. Here, Defendant charged borrowers for Pay-to-Pay Fees through a third-party service provider. The actual cost to Defendant

is far less than the amount it charges borrowers. Defendant pockets the difference for itself as profit.

15. Despite its uniform contractual obligations to charge only fees explicitly allowed under the loan, applicable law, and only those amounts actually disbursed, Defendant leverages its position of power over borrowers and demands exorbitant Pay-to-Pay Fees. Even if some fee were allowed, the contract and state law only allow Defendant to pass along the actual cost of fees incurred by it to the borrower – here only a few cents per transaction.

16. The Pay-to-Pay Fees are Defendant's fee and/or charge for rendering debt collection services and is designed to both cover an out-of-pocket expense that it has incurred in the collection of debts, as well as to increase its profit.

17. Plaintiff paid these Pay-to-Pay Fees and brings this class action lawsuit individually and on behalf of all similarly situated putative class members to recover the unlawfully charged Pay-to-Pay Fees and to enjoin Defendant from continuing to charge these unlawful fees.

## APPLICABLE LAW

### A. The Rosenthal Act

18. The Rosenthal Act is a remedial statute [that] should be interpreted broadly in order to effectuate its purpose.

19. The Rosenthal Act defines "debt collector" as "any person who, in the ordinary course of business, regularly, on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code §1788.2(c).

20. The Rosenthal Act defines a "consumer debt" as "money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction." Cal. Civ. Code §1788.2(f).

21. The Rosenthal Act defines "consumer credit transaction" as "a transaction between a natural person and another person in which property, services or money is acquired on credit by that natural person from such other person

4

primarily for personal, family, or household purposes." Cal. Civ. Code §1788.2(e).

22.    The Rosenthal Act prohibits "Collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14(b).

23.    The Rosenthal Act also makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

24.    The Rosenthal Act makes it illegal for any entity covered by it to violate the federal FDCPA. Cal. Civ. Code § 1788.17.

**B. The FDCPA**

25.    The purpose of the FDCPA is "to eliminate abusive debt collection practices . . . and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692.

26.    The FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," which includes the false representation of "the character, amount, or legal status of any debt." Id. § 1692e.

27.    The FDCPA also prohibits debt collectors from "unfair or unconscionable means to collect or attempt to collect any debt," including "the collection of any amount unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Id. § 1692f.

**C. The California Unfair Competition Law**

28.    The UCL defines unfair business competition to include any "unlawful, unfair, or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

29.    A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

30.     In addition, a business act or practice is "unfair" under the UCL if it offends an established public policy or is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.

### D. The Consumer Financial Protection Bureau

31.     The federal government and state governments have issued statements condemning Pay-to-Pay Fees and prohibiting loan servicers and debt collectors from assessing them.

32.     In October 2022, President Biden announced that his administration would be taking steps to go after unfair "junk fees" that are imposed on consumers, who get nothing of value in return. Around that time, the Federal Trade Commission announced that it was seeking comments on "junk fees," the "unnecessary, unavoidable, or surprise charges that inflate costs while adding little to no value." https://www.ftc.gov/news-events/news/press-releases/2022/10/federal-trade-commission-explores-rule-cracking-down-junk-fees (last accessed Feb. 1, 2023). Among the junk fees on which the FTC sought commentary were those imposed on "captive consumers," such as those who are dealing with a company that has "exclusive rights." Id. Chair Lina M. Khan explained that: "No one has ever felt that a 'convenience fee' was convenient. Companies should compete to provide the best quality at the best price, not to see who can squeeze the most added expenses out of consumers. That's especially true at a time when families are struggling with the effects of inflation."

33.     Similarly, the Consumer Financial Protection Bureau ("CFPB") has been taking steps to address junk fees. In June 2022, it issued an advisory opinion in which it "affirm[ed]" its position that imposition of "pay-to-pay or 'convenience' fees, such as fees imposed for making a payment online or by phone," where those fees are not contractually or legally authorized, is an "unfair or unconscionable means to collect or attempt to collect any debt" prohibited by Section 808(1) of the FDCPA and the CFPB's regulations implementing that provision. Although the FDCPA may not

directly apply in this context, the CFPB's position on Pay-to-Pay Fees affirms the clear federal policy against them in myriad contexts.

34.     This advisory opinion comes on the heels of other efforts by the CFPB to respond to the problems caused by Pay-to-Pay Fees. In October 2021, the CFPB filed an amicus brief in a matter before the Ninth Circuit explaining its position that Pay-to-Pay Fees are junk fees that violate federal law and policy. The CFPB explained:

35.     The FDCPA was designed to rein in unethical debt collectors, and [the FDCPA] specifically was designed to limit the amounts that debt collectors could try to collect from consumers. But under the district court's interpretation, debt collectors can collect additional fees, like the pay-to-pay fees at issue here, whenever no other law specifically prohibits them—leaving debt collectors with the power and discretion to try to collect additional fees during the collection process. This is particularly problematic given that consumers have no ability to shop around for a better deal. And it's not as if these pay-to-pay fees are necessary for debt collectors to offer phone or online payment options that consumers might want, as it is generally cheaper for collectors to accept payment by phone or online than to accept payment by mail (which is typically the fee-free option). Pay-to-pay fees are thus most often just a way for debt collectors to take advantage of consumers by trying to extract more money than they originally bargained for or reasonably expected to pay." Brief of Amicus Curiae Consumer Financial Protection Bureau in Support of Plaintiffs-Appellants at 11, *Thomas-Lawson v. Carrington Mort. Servs.*, No. 21-55459 (9th Cir. filed Oct. 21, 2021), ECF No. 22.

**FACTS COMMON TO ALL CAUSES OF ACTION**

36.     Defendant WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, LLC ("Defendant") is a loan servicer that operates around the country.

37.     Each time a borrower whose loan is serviced by Defendant makes a payment Defendant charges the borrower a Pay-to-Pay Fee: of $5.00.

/ / /

38. The uniform loan documents do not authorize Defendant to charge Pay-to-Pay Fees

### A. Named Plaintiff's Facts

39. Plaintiff purchased an automobile for his personal family use.

40. The loan agreement is a uniform document. As such, the loan agreement contains uniform terms.

41. Defendant began collecting payments from the Plaintiff and charged and collected Pay-to-Pay fees from him.

42. For example, on June 7, 2023, Defendant charged Plaintiff a $5.00 Pay-to-Pay Fee for making a payment. These fees are not authorized by the loan agreement.

43. Defendant collects the Pay-to-Pay Fees even though it knows that such fees were not expressly authorized under the loan agreement or law and therefore has no right to collect them.

44. Charging Pay-to-Pay Fees not authorized by the Loan Agreement violates the Rosenthal Act and California law. See Cal. Civ. Code §§ 1788.13(e), 1788.14(b), 1788.17.

### B. Class Action Allegations

45. Plaintiff brings this action on behalf of the following classes and subclasses of persons (collectively, "Classes"), subject to modification after discovery and case development:

**All persons with a loan serviced or subserviced by Defendant who paid a fee to Defendant for making a payment during the applicable statutes of limitations through the date a class is certified.**

46. Class members are identifiable through Defendant's records and payment databases.

47. Excluded from the Classes are the Defendant; any entities in which it has a controlling interest; its agents and employees; and any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

48. Plaintiff proposes that he serve as class representative.

49. Plaintiff and the members of the Classes ("Class Members") have all been harmed by the actions of Defendant.

50. Numerosity is satisfied. There are thousands of class members. Individual joinder of these persons is impracticable.

51. There are questions of law and fact common to Plaintiff and to the Classes, including, but not limited to:

    a.    Whether Defendant assessed Pay-to-Pay Fees on Class Members;

    b.    Whether Defendant breached its contracts with borrowers by charging Pay-to-Pay Fees not authorized by their loan agreements;

    c.    Whether Defendant violated the Rosenthal Act by charging Pay-to-Pay Fees not due;

    d.    Whether Defendant violated the Rosenthal Act by collecting some or all of its expenses, costs, or fees as a debt collector in the form of Pay-to-Pay Fees;

    e.    Whether Defendant violated the UCL;

    f.    Whether Defendant's business practices are unfair;

    g.    Whether Defendant's business practices are unlawful;

    h.    Whether Defendant's cost to process Pay-to-Pay Transactions is less than the amount that it charged for Pay-to-Pay Fees;

    i.    Whether Plaintiff and Class Members were damaged by Defendant's conduct;

    j.    Whether Plaintiff and Class Members are entitled to actual and/or statutory damages as a result of Defendant's actions;

    k.    Whether Plaintiff and Class Members are entitled to restitution;

    l.    Whether Plaintiff and Class Members are entitled to attorney's fees and costs.

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

52. Plaintiff's claims are typical of the claims of the Class Members. Defendant charged Pay-to-Pay Fees in the same manner as the rest of the Class members.

53. Plaintiff is an adequate class representative because his interests do not conflict with the interests of the Class Members and Plaintiff will adequately and fairly protect the interests of the Class Members.

54. Common questions of law and fact predominate over questions affecting only individual Class Members, and a class action is the superior method for fair and efficient adjudication of this controversy.

55. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

## FIRST CAUSE OF ACTION

### [Breach of Contract]

Plaintiff MICHAEL KLARE ("MR. KLARE" or "PLAINTIFF") complains of Defendant WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, LLC ("WESTLAKE") and DOES 1 through 10, and each of them, and for a First Cause of Action alleges:

56. Plaintiff hereby refers to and incorporates by reference each of the allegations set forth above and makes them part of this, the First Cause of Action, as though fully set forth herein.

57. Plaintiff and the Class Members entered into loan agreements. Defendant breached its contracts with Plaintiff and Class Members when it charged Pay-to-Pay Fees not agreed to in their loan agreements and in excess of the amounts actually disbursed by Defendant to pay for the cost of Pay-to-Pay Transactions.

58. Charging Pay-to-Pay Fees not authorized by the contract violates the Rosenthal Act, *i.e.*, California law. *See* Cal. Civ. Code §§ 1788.13(e), 1788.14(b), 1788.17.

10
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

59. By collecting Pay-to-Pay Fees in violation of the Rosenthal Act, Defendant breached and continues to breach the uniform covenants of the Loan Agreement.

60. Plaintiff and the members of the Class were harmed by this breach.

Wherefore, Plaintiff prays for judgment against the Defendants, and each of them, as hereinafter set forth.

### SECOND CAUSE OF ACTION

**[Violation of the Rosenthal Fair Debt Collection Practices Act Cal. Civ. Code §§ 1788 et seq. (Rosenthal Act)]**

Plaintiff MICHAEL KLARE ("MR. KLARE" or "PLAINTIFF") complains of Defendants WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, LLC ("WESTLAKE") and DOES 1 through 10, and each of them, and for a Second Cause of Action alleges:

61. Plaintiff hereby refers to and incorporates by reference each allegation set forth above and makes it part of this, the Second Cause of Action, as though set forth fully herein.

62. The Rosenthal Act applies to Defendant because it regularly engages in debt collection as defined by the statute. Cal. Civ. Code § 1788.2.

63. Defendant knew that the Pay-to-Pay Fees were not expressly set out in the loan agreements of the Plaintiff or Class Members.

64. The Rosenthal Act makes it illegal to represent that consumer debt "may be increased by the addition of . . . charges if, in fact, such fees and charges may not be legally added to the existing obligation." Cal. Civ. Code § 1788.13(e).

65. By assessing Pay-to-Pay Fees, Defendant represented that the debts of Plaintiff and the Class Members may be increased by the addition of the Pay-to-Pay Fees, even though Pay-to-Pay Fees may not be legally added to the existing obligation.

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

66.    The Rosenthal Act also prohibits "collecting or attempting to collect from the debtor the whole or any part of the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector's fee or charge for services rendered, or other expense incurred by the debt collector in the collection of the consumer debt, except as permitted by law." Cal. Civ. Code § 1788.14.

67.    When Defendant collected Pay-to-Pay Fees from Plaintiff and the Class Members, it collected (or attempted to collect) fees or charges for services rendered that were not permitted by law. This conduct violated the Rosenthal Act.

68.    By charging Pay-to-Pay Fees, a portion of which it retains, Defendant acted in violation of the federal Fair Debt Collection Practices Act, which prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1).

69.    The loan agreements of Plaintiff and the Class Members do not expressly authorize Defendant to collect Pay-to-Pay Fees.

70.    Although the loan agreements of Plaintiff and the Class Members do not expressly authorize collection of Pay-to-Pay Fees, Defendant collected such fees anyway.

71.    In so doing, Defendant violated 15 U.S.C. § 1692f.

72.    The Rosenthal Act makes it illegal for any entity covered by the Rosenthal Act to violate the federal FDCPA. Cal. Civ. Code § 1788.17. By violating the federal FDCPA, Defendant violated the Rosenthal Act.

73.    Plaintiff and the Class Members were harmed when Defendant violated the Rosenthal Act through the above-described conduct.

74.    As a result of each and every violation of the Rosenthal Act, Plaintiff and Class Members are entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation, pursuant to Cal. Civ. Code §§ 1788.30(b), 1788.17, and 1788.32, to the full extent provided by law; and

12

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

reasonable attorneys' fees and costs under Cal. Civ. Code § 1788.30(c).

Wherefore, Plaintiff prays for judgment against the Defendants, and each of them, as hereinafter set forth.

## THIRD CAUSE OF ACTION

**[Violation of California's Unfair Competition Law
Cal. Bus. & Prof. Code § 17200, et seq.
Unlawful Prong
On behalf of Plaintiff and the Rosenthal Subclass]**

Plaintiff MICHAEL KLARE ("MR. KLARE" or "PLAINTIFF") complains of Defendant WESTLAKE SERVICES, LLC dba WESTLAKE FINANCIAL SERVICES, LLC ("WESTLAKE") and DOES 1 through 10, and each of them, and for a Third Cause of Action alleges:

75. Plaintiff hereby refers to and incorporates by reference each allegation set forth above and makes it part of this, the Third Cause of Action, as though set forth fully herein.

76. The California Unfair Competition Law "UCL" defines unfair business competition to include any "unlawful, unfair, or fraudulent" act or practice. Cal. Bus. & Prof. Code § 17200.

77. A business act or practice is "unlawful" under the UCL if it violates any other law or regulation.

78. Defendant's conduct violates the Rosenthal Act and the FDCPA. These violations are sufficient to support the claims of Plaintiff and Class Members under the unlawful prong of the UCL.

79. The Rosenthal Act applies to Defendant because it regularly engages in debt collection as defined by the statute. Cal. Civ. Code § 1788.2.

80. The loan agreements of Plaintiff and Class Members are consumer debt under the Rosenthal Act.

81. As a result of the above conduct, Plaintiff and Class Members have suffered economic injury, and Defendant has been unjustly enriched at their expense.

82. As such, Plaintiff requests that the Court cause Defendant to restore the money to Plaintiff and Class Members and enjoin Defendant from continuing to violate the Rosenthal Act, FDCPA, and UCL.

Wherefore, Plaintiff prays for judgment against the Defendants, and each of them, as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and others similarly situated, pray for judgment against the Defendant, as follows:

a. Certify the proposed Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

b. Award damages, including compensatory and exemplary damages, to Plaintiff and the Classes in an amount to be determined at trial;

c. Award statutory damages and/or penalties to Plaintiff and the Class;

d. Permanently enjoin Defendant from the wrongful and unlawful conduct alleged herein;

e. Award Plaintiff and the Class their expenses and costs of suit, including reasonable attorneys' fees to the extent provided by law;

f. Award pre- and post-judgment interest to the extent provided by law; and

g. For such other and further relief that the Court deems proper.

Dated:  June 20, 2023                    BIBIYAN LAW GROUP, P.C.

By: _____
DAVID D. BIBIYAN
Attorneys for Plaintiff MICHAEL KLARE, on behalf of himself And all others similarly situated

14

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.


Dated:  June 20, 2023                 BIBIYAN LAW GROUP, P.C.



                                      By:  _/s/ David D. Bibiyan_____
                                           DAVID D. BIBIYAN
                                           Attorneys for Plaintiff MICHAEL KLARE, on
                                           behalf of himself And all others similarly
                                           situated

15